# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON McCOY | Case No. 1:11-cv-01771-LJO-MJS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FOR DENIAL OF DEFENDANT JIMENEZ'S MOTION TO DISMISS |
| v. | |
| M. TANN, et al., | (ECF No. 30) |
| Defendants. | FOURTEEN-DAY OBJECTION DEADLINE |

Plaintiff Aaron McCoy ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court screened Plaintiff's First Amended Complaint (Am. Compl., ECF No. 19) and found that it stated a cognizable claim against Defendants James, Jones, Jimenez, and Paz for cruel and unusual punishment under the Eighth Amendment of the United States Constitution (ECF No. 20).

Defendant Jimenez's moves to dismiss Plaintiff's claims against him under Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted. (Def.'s Mot., ECF No. 30.) Plaintiff filed an opposition. (Pl.'s Opp'n, ECF No. 45.) Defendant Jimenez filed a reply. (Def.'s Reply, ECF No. 48.)

Pursuant to Local Rule 230(*l*), Defendant Jimenez's motion is now ready for ruling.

## I. LEGAL STANDARD

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678-679; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

## II. PLAINTIFF'S CLAIMS

Plaintiff allegations are as follows:

As of June 9, 2010, inmates in Ad-Seg, where Plaintiff was housed, had been without hot water for approximately three weeks. (Am. Compl. at 8.) On this day, Defendants James, Jones, Jimenez, and Paz, as well as others ignored a "man down" call regarding one of the inmates in Ad-Seg and only responded when other inmates started kicking their cell doors. (Id. at 8.) Defendants eventually responded but their insensitive response upset Plaintiff and other inmates. (Id. at 9-10.) In protest, Plaintiff, along with ten other inmates, covered up front and back cell windows to prevent security checks and to attract the attention of Ad-Seg associate warden, M. Tann, to the inmates' grievances. (Id. at 10.)

M. Tann and Defendant James spoke with Plaintiff in his cell. (Am. Compl. at 11.) Plaintiff said he was disturbed by prison staff's prior actions and that he would come out

of his cell provided only that he not be cuffed behind his back due to a medical condition. (Id.)

Almost eight hours later, Defendants James, Jones, Paz, and Jimenez came to Plaintiff's cell to extract him. (Am. Compl. at 11.) They told Plaintiff to strip down and cuff up. (Id. at 12.) Plaintiff informed them he needed waist chains to comply. (Id.) In response, Defendant Jones used pepper spray in Plaintiff's cell, and Plaintiff experienced burning pain. (Id.) Defendant Jones used "the Sabre 5.0" form of pepper spray, which is much stronger than oleoresin capsicum spray. (Id.) Despite the burning pain, Plaintiff was forced to remain in his cell and go through a strip search routine. (Id. at 13.) There was no need to perform this strip search immediately after the pepper spray was used because Plaintiff did not pose a threat. (Id. at 13.) Plaintiff tried to put on boxer shorts after the search but he was not given permission to do so. (Id.)

After the search, Plaintiff was told to cuff up behind his back despite his medical chrono and Plaintiff's efforts to advise that he needed waist chains. (Am. Compl. at 13-14.) Defendant Paz took Plaintiff to the A section shower and allowed him to decontaminate for only four seconds. (Am. Compl. at 14.) Still naked, Plaintiff was placed in an outside cage with his hands cuffed behind his back. (Id. at 15.) Plaintiff was not allowed to be un-cuffed and decontaminate. (Id.) Plaintiff told prison officials that he was feeling suicidal. (Id.) Plaintiff was not provided with medical or psychiatric care. (Id. at 16.) Defendant Jones saw Plaintiff in the cage, and Plaintiff told him that it was Defendant Jones's disrespectful behavior that prompted the inmates to protest. (Id.) Plaintiff asked Defendant Jones to un-cuff him and told Defendant Jones he was in pain, but Defendant Jones refused to remove the handcuffs. (Id. at 17.) Plaintiff was only given a pair of boxers at 9:00 p.m. and un-cuffed at 9:30 p.m. (Id. at 18.) Plaintiff was returned to Administrative Segregation. (Id.)

Plaintiff alleges the following claims against all Defendants: intentional infliction of excessive pain and suffering from exposure to pepper spray; intentional infliction of mental and emotional distress; deliberate indifference to Plaintiff's serious medical needs

and misuse of restraints; cruel and unusual punishment due to improper pepper spray decontamination; and illegal conduct pursuant to 18 U.S.C. § 242.  (Am. Compl. at 19-35.)

### III.  MOTION TO DISMISS

Defendant Jimenez argues that Plaintiff's claims against him should be dismissed because he failed to state a claim against him under 42 U.S.C. § 1983.  Plaintiff's claim against Defendant Jimenez is based on Defendant Jimenez's failure to allow Plaintiff the chance to properly decontaminate from the pepper spray.  (Def.'s Mot. at 4.)  Plaintiff's First Amended Complaint only makes a few references to Defendant Jimenez and taken together they not sufficient for a plausible claim against this defendant.  (Id. at 4-5.)

### IV.  ANALYSIS

As noted, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555 (2007)); Moss, 572 F.3d at 969.  It is that very standard which the Court applies in screening a pro se prisoner complaint to determine, prior to allowing it to be served, whether it states a cognizable claim.  Indeed, it was that very standard which this Court applied in evaluating Plaintiff's First Amended Complaint, and it was that review which lead to the Court's conclusion that Plaintiff First Amended Complaint did state cognizable claims, i.e., the Court found that Plaintiff made claims which, when taken as true for pleading purposes, would survive a Rule 12(b)(6) motion.

Nothing has since changed.

Nevertheless, Defendant Jimenez argues that the very pleading which this Court found stated a cognizable claim does not state a cognizable claim and should be dismissed pursuant to Rule 12(b)(6).  The Court would prefer not to have to duplicate its efforts and explain again why it reached the conclusions it did on screening, but the present motion to dismiss effectively asks it to do so. Accordingly, the Court will here address the substantive issues presented by the pleading while, at the same time,

4

inviting Defendant Jimenez to refocus his energies and the Court's attention on a proceeding, such as a motion for summary judgment, where something new can be submitted and considered.

Defendant Jimenez argues that Plaintiff has failed to sufficiently allege that Defendant Jimenez subjected Plaintiff to cruel and usual punishment.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)), amended by 135 F.3d 1318 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious. . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the plaintiff must make a subjective showing that the prison official knew of and disregarded an excessive risk to an inmate's health or safety. Id. at 837; Johnson, 217 F.3d at 734. Delays in providing

showers and medical attention for inmates suffering from harmful effects of pepper spray may violate the Eighth Amendment. <u>Clement v. Gomez</u>, 298 F.3d 898, 905-06 (9th Cir. 2002).

As the Court previously found, Plaintiff alleged that Defendant Jimenez was part of a team that pepper sprayed him and then did not allow Plaintiff sufficient means to decontaminate himself.  Such allegations, taken as true at this stage of the proceedings, sufficiently allege a claim for cruel and unusual punishment under the Eighth Amendment.

## V.     **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant Jimenez's motion to dismiss (ECF No. 30) be denied.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 31, 2013            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28