# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON McCOY,<br><br>        Plaintiff,<br><br>    v.<br><br>M. TANN, et al.,<br><br>        Defendants. | CASE No. 1:11-cv-01771-LJO-MJS PC<br><br>FINDINGS AND RECOMMENDATIONS DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 19)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Aaron McCoy ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 25, 2011. (ECF No. 1.)  On October 19, 2012, Plaintiff filed a motion (ECF No. 19) seeking reconsideration of the Court's screening order (ECF No. 25) regarding Plaintiff's First Amended Complaint.  In the screening order the Court found that Plaintiff had stated a cognizable Eighth Amendment claim for cruel and unusual punishment but dismissed Plaintiff's other claims as not cognizable. (ECF No. 25)[1].

I. **Legal Standard**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).  The moving party must demonstrate both injury and circumstances beyond his

---

[1] Plaintiff also makes a request for counsel in this motion.  The Court will address this issue in a separate order.

control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

## II.     Discussion and Recommendation

Plaintiff disagrees with the Court's decision and seeks reconsideration of the screening order, specifically the Court's dismissal of Plaintiff's claims for inadequate medical care and excessive force under the Eighth Amendment.

In screening Plaintiff's amended complaint, the Court carefully considered Plaintiff's allegations, construed the allegations liberally in light of Plaintiff's pro se prisoner status, and explained in a detailed order why the First Amended Complaint failed to state a claim under section 1983 for violation of the Eighth Amendment for excessive use of force or inadequate medical care. (ECF No. 20.) In addition, Plaintiff had earlier been notified of the deficiencies in his claims and given leave to amend. (ECF No. 10.) Thus, this was not a situation in which Plaintiff was deprived of notice and an opportunity to amend.

Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances. Westlands Water Dist., 134 F.Supp.2d at 1131; see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it

does not provide a second chance for parties who made deliberate choices).  Plaintiff's disagreement with the Court's decision is not grounds for reconsideration.

Accordingly, for the reasons stated above the Court RECOMMENDS that Plaintiff's motion for reconsideration (ECF No. 23) be DENIED.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 7, 2013              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE