UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON McCOY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. TANN, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:11-cv-1771-LJO-MJS (PC)<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER; (2) DENYING PLAINTIFF'S REQUEST TO POSTPONE CONSIDERATION OF DEFEDANTS' SUMMARY JUDGMENT MOTIONS; AND (3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND TO POSTPONE CONSIDERATION OF DEFENDANTS' SUMMARY JUDGMENT MOTIONS**<br><br>**(ECF NOS. 59, 65, 66)**<br><br>**RESPONSE TO MOTIONS FOR SUMMARY JUDGMENT DUE IN SIXTY (60) DAYS** |

**I.　PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This action proceeds against Defendants James, Jones, Paz, and Jimenez on Plaintiff's Eighth Amendment claim for cruel and unusual punishment. (Order Directing Plaintiff to Submit Service Documents, ECF No. 20.)

On January 10, 2014, Defendants James, Jones, and Paz filed a motion for summary judgment. (ECF No. 57.) Plaintiff sought and was granted a thirty day extension of time to respond to the motion. (ECF Nos. 62, 64.)

On January 13, 2014, Defendant Jimenez filed a motion to modify the Court's scheduling order to extend the dispositive motion deadline fourteen days, from January 13, 2014 to January 27, 2014. (ECF No. 59.) Plaintiff did not oppose the motion. The motion is deemed submitted. Although the Court has not ruled on the motion, Defendant Jimenez filed a motion for summary judgment on January 23, 2014. (ECF No. 60.)

On February 24, 2014, Plaintiff filed a request to postpone consideration of Defendants' summary judgment motions to enable him to conduct further discovery (ECF No. 65), and a motion to compel and to postpone consideration of Defendants' summary judgment motions to enable him to obtain witness declarations. (ECF No. 66.) Defendants filed oppositions to the motions (ECF Nos. 68, 69), and Plaintiff filed replies. (ECF Nos. 72, 73.) These motions are deemed submitted.

**II.  DEFENDANT JIMENEZ'S MOTION TO MODIFY SCHEDULING ORDER**

Defendant Jimenez seeks to extend the dispositive motion deadline fourteen days because his counsel was unable to timely obtain a signed declaration in support of Jimenez's motion for summary judgment. (ECF No. 59 at 3-4.) Defendant Jimenez explains that, on December 4, 2013, counsel sent a declaration to the litigation coordinator at California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"), to be signed by a declarant employed there. However, due to the "holiday schedule" and the declarant's illness, counsel did not receive the signed declaration prior to the January 13, 2014 deadline for filing dispositive motions.

2

Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify its scheduling order for good cause. The "good cause" standard focuses primarily on the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

Good cause exists to modify the scheduling order to permit the filing of Defendant Jimenez's motion for summary judgment. Counsel diligently sought to obtain the necessary declaration and sought modification of the scheduling order prior to the expiration of the deadline for filing dispositive motions. Additionally, Plaintiff will not be substantially prejudiced by the brief delay in filing the motion.

Accordingly, the Court will grant Defendant Jimenez's motion to modify the scheduling order to extend the dispositive motion deadline to January 27, 2014.

### III.     PLAINTIFF'S REQUEST TO DEFER CONSIDERATION OF MOTIONS

Plaintiff seeks to postpone consideration of Defendants' summary judgment motions to allow Plaintiff to view a video of the events at issue in his complaint. (ECF No. 65 at 2.) It is undisputed that Plaintiff has viewed the video since filing this motion. (ECF Nos. 67-1 at 2, 68 at 2, 73 at 1.) Accordingly, this request will be denied as moot.

### IV.     PLAINTIFF'S MOTION TO COMPEL AND TO DEFER CONSIDERATION OF MOTIONS

Plaintiff seeks to compel Defendants and/or the California Department of Corrections and Rehabilitation ("CDCR") to permit Plaintiff to correspond with other inmates for the purpose of obtaining declarations needed to oppose Defendants'

3

motions for summary judgment. (ECF No. 66.) Plaintiff also seeks to defer consideration of Defendants' motions for summary judgment until he obtains the declarations. (ECF No. 66 at 3.)

California Code of Regulations title 15, § 3139 governs correspondence between inmates, parolees, and probationers. It provides in part:

> Inmates shall obtain written authorization from the Warden/Regional Parole Administrator or their designee/assigned probation officer, person in charge of the County Jail and/or other State Correctional Systems, at a level not less than Correctional Captain/Facility Captain or Parole Agent III, to correspond with any of the following:
>
> (1) Inmates under the jurisdiction of any county, state or federal, juvenile or adult correctional agency.

Plaintiff acknowledges he has not sought written authorization from the appropriate prison officials to correspond with other inmates. (ECF No. 72 at 2.) Plaintiff contends that this process would be time consuming and futile. The Court concludes that Plaintiff has not made a good faith effort to obtain the desired declarations without court action. Accordingly, the court will deny Plaintiff's motion to compel without prejudice.

If plaintiff attempts to correspond with his potential witnesses by following the proper procedures and is denied access or is otherwise unable to effectively communicate with his witnesses, plaintiff may renew his motion. However, plaintiff will need to describe his attempts to engage in the process described above and to explain why the communication with each witness is relevant to this cause of action. Plaintiff's general assertion that the witnesses can provide "more evidence, insight and perspective" (ECF No. 66 at 2) is insufficient to establish relevance.

For the reasons stated herein, the Court will grant in part and deny in part Plaintiff's motion. Although the Court will deny Plaintiff's motion to compel, the Court will grant Plaintiff an additional sixty (60) days from the date of service of this order in which

4

to obtain the declarations through the inmate correspondence process, and to respond to Defendants' motions for summary judgment. See Fed. R. Civ. P. 56(d)(2).

**V.     CONCLUSION**

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1. Defendant Jimenez's motion to modify scheduling order (ECF No. 59) is GRANTED, and the deadline for filing dispositive motions is extended to January 27, 2014;

2. Plaintiff's motion to postpone consideration of Defendants' summary judgment motions (ECF No. 65) is DENIED as moot; and

4. Plaintiff's motion to compel and to postpone consideration of Defendants' summary judgment motions (ECF No. 66) is GRANTED in part and DENIED in part as follows:

    a. Plaintiff's motion to compel is denied;

    b. Plaintiff's request to postpone consideration of Defendants' motions for summary judgment is granted; and

    c. Plaintiff shall, within **sixty (60) days** from the date of service of this Order, file a response to Defendants' motions for summary judgment.

IT IS SO ORDERED.

Dated:   June 30, 2014                        /s/ *Michael J. Seng*
                                                                  UNITED STATES MAGISTRATE JUDGE